FIDELITY INSURANCE, TRUST & SAFE–DEPOSIT CO. v. ROANOKE
IRON CO.

(Circuit Court, W. D. Virginia. January 31, 1898.)

1. CORRECTION OF DECREE—CLERICAL MISTAKE.

Where a mortgage debt was ascertained and reported by the master as
bearing interest from a certain date, and the report was approved by the
court, but the decree, as entered, allowed interest from a different date,
*held*, that this was a manifest clerical mistake, which the court would cor-
rect on petition.

2. FORECLOSURE SALE—RIGHTS OF PURCHASER—TAX LIENS.

An order entered January 23, 1897, directing a receiver to "at once pay
the taxes that may be due upon the property," does not authorize him to
pay taxes not due until February 1st following; and one purchasing the
property under a decree of sale entered after that date takes it subject
to the tax lien which then accrued, and, the sale having been confirmed
without objection by him, he cannot thereafter insist that the lien shall
be discharged out of the proceeds of the sale.

This was a suit in equity by the Fidelity Insurance, Trust & Safe-
Deposit Company against the Roanoke Iron Company for the fore-
closure of a mortgage. For prior proceedings, see 68 Fed. 623, and 81
Fed. 439. The cause is now heard on application for the distribution
of a balance remaining in the receiver's hands.

Scott & Staples, for creditors, McClure & Amsler.
Watts, Robertson & Robertson, for purchaser, Robert E. Tod.
Griffin & Glasgow, for bondholders.

PAUL, District Judge. The report of the receiver in this cause
shows that there is a balance in his hands, amounting to between $800
and $900, arising from the sale of the plant of the defendant company,
and collections made, and he requests instructions as to what disposi-
tion he shall make of the same. Three separate claimants make ap-
plication to the court to have this fund applied to their relief:

1. McClure, surviving partner of McClure & Amsler, states that in
the decree entered in this cause on the 22d day of July, 1897, confirm-
ing the sale theretofore made of the property of the defendant com-
pany to Robert E. Tod, a clerical mistake was made, in allowing inter-
est on the debt due said firm from the 14th day of December, 1894,
instead of from the 14th of September, 1894. This debt had been
previously ascertained and reported by the master as bearing interest
from the 14th day of September, 1894, and the same was approved and
allowed by the court in the decree of sale entered in this cause on the
27th day of February, 1897. The provision in the decree of July 22,
1897, which allowed interest on said claim from the 14th day of De-
cember, 1894, instead of from the 14th day of September, 1894, as had
been reported by the master and approved by the court, was manifestly
a clerical mistake. It is such a mistake as the court will correct on
petition (Fost. Fed. Prac. § 350), and should be corrected to conform to
the master's report as approved by the decree of the 27th of February,
1897.

2. Robert E. Tod, the purchaser of the property, asks that the money
in the hands of the receiver be applied to the payment of the taxes

thereon for the year 1897.    On the 23d day of January, 1897, the court entered a decree directing the receiver, "out of the funds in his hands, * * * to * * * at once pay the taxes that may be due upon the property of the Roanoke Iron Company." This order included the taxes due up to and including the taxes for the year 1896.    The question as to what fund—whether to the real estate or the personal fund —the said taxes were to be charged was reserved for future adjudication.    The taxes so paid amounted to $4,607.68.    On the 27th day of February, 1897, the court decreed a sale of the plant of the defendant company.    In that decree the court ascertained that the taxes which the receiver had paid under the order of January 23, 1897, were a lien upon, and primarily chargeable upon, the real and personal property of said company, forming a part of the plant, and not upon the fund out of which they were paid, and that the fund out of which they were paid should be reimbursed to that extent out of the proceeds of the sale of the real and personal property of said company forming a part of its plant, and decreed accordingly.    The property was sold on the 28th of June, 1897, and the sale was reported to the court by the special commissioners making it on the 30th of June, 1897.    On the 8th of July, 1897, on motion of Robert E. Tod, the purchaser, the court entered a decree nisi confirming the sale, "unless good cause be shown why the same should not be confirmed on or before the 20th day of July, 1897." Exceptions to the report were filed by Jos. L. Buery and other creditors of the defendant company on the ground of inadequacy of price, and for other reasons.    The exceptions were thoroughly discussed by counsel for Tod, the purchaser, who urged the confirmation of the sale, and by counsel for the objecting creditors; and on the 22d day of July, 1897, a decree was entered confirming the sale.    The question as to the payment of the taxes for the year 1897 out of the purchase money to be paid for the property was not presented or suggested to the court prior to the confirmation of the sale.    There is no provision in any of the decrees entered prior to the decree of confirmation of the sale requiring the receiver to pay the taxes for 1897.    There is nothing in any of the said decrees showing that the failure to provide for the payment of the taxes for that year was a clerical error or mistake, as now contended by counsel for the purchaser.    The decree of the 23d of January, 1897, directed the receiver "to proceed at once to pay the taxes that may be due upon said property of the Roanoke Iron Company." The taxes for the year 1897 were not then due, and could not have been paid by the receiver.    The tax year of 1897 did not commence until the 1st day of February, 1897; and of course they were not, and could not have been, reported by the master as a lien upon the property at the time he filed his report.    They constituted a lien upon the land when it was sold, but it was a lien accruing after the master's report had been filed, after the entry of the decree directing the receiver to pay the taxes due.    The purchaser, by examining the report of the master and the decrees entered prior to the sale, could readily have ascertained what tax liens had been provided for, and would have seen that no provision had been made for the payment of taxes for the year 1897.    The tax law of Virginia, making taxes a lien on real estate, was notice to him of the lien on the property he purchased for the taxes for the

year 1897. Code Va. 1887, § 456. He bought the property subject to this lien, and he raised no question as to how it should be satisfied before the confirmation of the sale. The doctrine that in a judicial sale the rule of caveat emptor applies is too well established to admit of discussion. It is the doctrine laid down by the decisions of both the federal and the state courts. The Monte Allegre, 9 Wheat. 616; Osterberg v. Trust Co., 93 U. S. 424; Waples v. U. S., 110 U. S. 630, 4 Sup. Ct. 225; 27 Myers' Fed. Dec. 780, 781. The doctrine is thus stated in Threlkelds v. Campbell, 2 Grat. 199 (syllabus):

> "A purchaser at a judicial sale can only obtain relief for defect in the title, or incumbrances on the property, by resisting the confirmation of the sale by the court upon the return of the commissioner's report."

This rule has been followed by numerous decisions in Virginia,— among them, Long v. Weller's Ex'r, 29 Grat. 347; Redd v. Dyer, 83 Va. 331, 2 S. E. 283. In this case the court said:

> "It is contended on behalf of the appellants that the Martin claim ought to have been passed upon and settled before the property was ordered to be resold, and that in failing to do so the circuit court erred. There is no merit, however, in this objection. It is based upon the idea that, if the claim be valid, the title to the property is defective, and that relief should be decreed the purchaser accordingly. This is not in accordance with the settled doctrine relating to judicial sales in this state. There is perhaps no principle in our jurisprudence more firmly established by repeated decisions of the court than that the maxim caveat emptor strictly applies to judicial sales."

The contention of counsel for Tod, the purchaser, that the failure to make provision for this tax lien in the decrees entered prior to that confirming the sale was a clerical error or mistake that the court will correct on petition, cannot be sustained. A careful examination of those decrees fails to show an intention on the part of the court to provide for the payment of the taxes for the year 1897 out of the proceeds of the sale of the plant, or out of any other fund in the hands of the receiver.

The other petitioners for the application of this fund to the payment of their claims are the mortgage bondholders. Subject to the correction that must be made as to the date from which the McClure & Amsler claim should bear interest, the bondholders are entitled to the balance of the fund in the hands of the receiver.

A decree will be entered correcting the mistake in the decree of July 22, 1897, whereby the claim of McClure & Amsler is made to bear interest from the 14th day of December, 1894, instead of from the 14th day of September, 1894, as fixed by the decree of February 27, 1897; denying the application of Robert E. Tod to have the fund in the hands of the receiver applied to the payment of the taxes for the year 1897 on the property purchased by said Tod; and applying the balance of the fund in the hands of the receiver to payments on the mortgage bonds, as provided in the nineteenth provision of the decree of the 27th of February, 1897.